IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03495-PAB-STV

DARUS WILKINS,

      Plaintiff,

v.

JOHN PALOMINO, in his individual and official capacity,
CHRIS CHAVEZ, in his individual and official capacity,
KARA KENNEDY, in her individual and official capacity,
NITA HUNT, in her individual and official capacity,
BRENT PIERCE, in his individual and official capacity,
MR. SMITH, in his official capacity,
LUKE HOLLAND, in his individual and official capacity,
DR. THIELY, in his individual and official capacity,
MS. DILLMAN,  in her individual and official capacity, and
JANE GILDEN, in her individual and official capacity,

      Defendants.

---

## ORDER

---

This matter comes before me on plaintiff Darus Wilkins' Motion for Recusal of Fedral [sic] District Court Judge Phillip [sic] A. Brimmer [Docket No. 211], which asks that I recuse under 28 U.S.C. § 455 on the basis of personal bias or that I vacate all decisions by Magistrate Judge Michael Hegarty that were adverse to plaintiff. *Id.* at 1, 7.

## I.  PROCEDURAL HISTORY

This case concerns Mr. Wilkins' allegations of mistreatment while incarcerated at the Colorado Territorial Correctional Facility and Bent County Correctional Facility. *See generally* Docket No. 104.  On January 3, 2023, Magistrate Judge Hegarty entered an

order recusing himself from this case.  Docket No. 196.  On January 4, 2023, this case was reassigned to Magistrate Judge Scott Varholak.  Docket No. 197.  On March 9, 2023, plaintiff filed his motion for recusal arguing that Magistrate Judge Hegarty should have recused himself in 2020 instead of 2023 and that Magistrate Judge Hegarty's bias influenced my decisions in this case.  Docket No. 211 at 3, 7.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 455, a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  However, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification."  *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (citation omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").  Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  *United States v. Nickl,* 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555).  Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal."  *Id.* (citation omitted).

## III.  ANALYSIS

Mr. Wilkins states that, "[a]lthough there is, at this time, no evidence to suggest that an actual and direct conflict existed" between defense counsel and me, "a reasonable person must come to the conclusion that at some point during the litigation, Magistrate Judge Hegarty had substantial influence" over me and my rulings and that "a reasonable person must come to the conclusion that at some point during the litigation,

Judge Brimmer must have realized that a direct conflict existed due to the specter of Matthew J. Hegarty at Hall & Evans, LLC,".  Docket No. 211 at 7.  Mr. Wilkins cites nothing other than his personal suspicion to support this argument.  *Id.*  "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not satisfy the requirements for removal.  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).  Because I find there was no conflict of interest requiring recusal, Mr. Wilkins assertion that I "must have realized that a direct conflict existed," Docket No. 211 at 7, fails to provide any reason for my recusal.  Finally, although Mr. Wilkins claims rulings by Judge Hegarty must have influenced my rulings, I did not issue any of the orders he identifies as biased.  *See id.* at 6-7.  Thus, Mr. Wilkins has presented no evidence of bias that would require my recusal.

Mr. Wilkins seeks, in the alternative, that all of the rulings Magistrate Judge Hegarty entered in this case that were adverse to him be vacated.  Docket No. 211 at 3. Mr. Wilkins argues that Judge Hegarty had an "actual and direct conflict of interest" in November 2020 because his son "was a shareholder of Hall & Evans."  *Id.* at 5.  Mr. Wilkins points to a statement that Judge Hegarty's son became a member of Hall & Evans in 2019.  *Id.* at 3.  Judge Hegarty stated his son made partner at the law firm of Hall & Evans LLC in January 2023.  Docket No. 196 at 1.  Mr. Wilkins, who equates becoming a "member" of the firm with becoming a "partner" in the firm, presents no evidence that contradicts Judge Hegarty's statement that his son became a partner in January 2023.

Recusal is required in cases where a judge's relative "is acting as a lawyer in the proceeding" and when a judge's relative "has a financial interest . . . that could be

substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(4) &

(b)(5)(iii).  Courts have ruled that 28 U.S.C. § 455 does not require recusal when a

judge's child is an associate at a firm and is not working on the case at issue.  *See*

*Rodriguez-Vilanova v. Stryker Corp.*, 987 F. Supp. 2d 153, 156 (D.P.R. 2013) (collecting

cases).  When, however, a judge's child is a partner at a firm, recusal is likely required

based on potential financial interests.  *Id.*  Because Mr. Wilkins has not shown any

evidence that Judge Hegarty's son became a partner at Hall & Evans before January

2023, he has not shown any basis for recusal under 28 U.S.C. § 455 and therefore

shows no basis to vacate Judge Hegarty's orders.

Even if Mr. Wilkins could show Judge Hegarty should have recused himself

earlier, and not doing so constituted a violation of § 455, Mr. Wilkins has not shown a

need for vacating any order entered by Judge Hegarty.  "There need not be a draconian

remedy for every violation of § 455(a)."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486

U.S. 847, 862 (1988).  "In determining the proper remedy for a violation occurring under

§ 455(a), the Supreme Court has suggested three factors are relevant. They include 1)

the risk of injustice to the parties in the case, 2) the risk that the denial of relief will

produce injustice in other cases, and 3) the risk of undermining the public's confidence

in the judicial process."  *Jones v. Trammell*, 777 F.3d 1099, 1100 (10th Cir. 2015) (citing

*Liljeberg*, 486 U.S. at 864).  Mr. Wilkins identifies several rulings he claims are

problematic.  Docket No. 211 at 6-7.  Mr. Wilkins does not identify anything in these

orders that demonstrate favoritism or antagonism.  *Id.*  Mr. Wilkins does not identify why

any of the three factors for determining a remedy would require that the rulings should

be vacated.  *See id.* at 5-6.  Adverse rulings alone are not sufficient to show bias.  *Nickl*,

427 F.3d at 1298.  Accordingly, Mr. Wilkins provides no reason to vacate orders in his case and no reason for me to recuse.

## IV.  CONCLUSION

Wherefore, it is

**ORDERED** that Darus Wilkins' Motion for Recusal of Fedral [sic] District Court Judge Phillip A. Brimmer [Docket No. 211] is **DENIED**.

DATED June 6, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge