IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03495-PAB-STV

DARUS WILKINS,

    Plaintiff,

v.

JOHN PALOMINO, in his individual and official capacity,
CHRIS CHAVEZ, in his individual and official capacity,
KARA KENNEDY, in her individual and official capacity,
NITA HUNT, in her individual and official capacity
BRENT PIERCE, in his individual and official capacity
MR. SMITH, in his official capacity
LUKE HOLLAND, in his individual capacity,
MS. DILLMAN, in her individual and official capacity, and
JANE GILDEN, in her individual and official capacity

    Defendants.

_____

## ORDER
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 179] filed by Judge Michael E. Hegarty on September 29, 2022. Judge Hegarty recommends denying plaintiff's Motion to Add Defendant Barry Goodrich [Docket No. 170]. Plaintiff filed a timely objection to the recommendation, Docket No. 181, and defendants John Palomino, Chris Chavez, Cara Kennedy,[1] Brent Pierce, Luke Holland, Nita Hunt, and William Smith filed a response. Docket No. 186.

---

[1] Plaintiff's complaint names "Kara Kennedy," Docket No. 104 at 1, while defendants state their response is filed on behalf of "Cara Kennedy." Docket No. 186 at 1.

I. BACKGROUND

Plaintiff filed this action on November 25, 2020. Docket No. 1. Plaintiff has filed three amended complaints in this case. *See* Docket Nos. 8, 64, 104. The operative complaint was filed on September 9, 2021. Docket No. 104. Plaintiff's complaint brings claims that plaintiff labels negligence, false arrest, excessive force, sexual assault, unlawful search and seizure, deprivation of property, intentional tort, denial of due process, cruel and unusual punishment, and tort of outrageous conduct. *Id.* at 5-26. One year after filing the third amended complaint, plaintiff filed a motion seeking leave to amend his complaint to add Barry Goodrich as a defendant in this case. Docket No. 170.

The claims in plaintiff's case surround events that took place when plaintiff was an inmate at Bent County Correctional Facility ("BCCF"), a part of the Colorado Department of Corrections, on July 25, 2019. Docket No. 179 at 1-2. In his motion to amend, plaintiff claims that Barry Goodrich is the warden at BCCF, that he tried to explain to Warden Goodrich that defendants Hunt and Freed threatened to use force against him for his refusal to submit to a mouth swab to determine paternity, and that he handed certain documents to Warden Goodrich and asked to make a telephone call to his attorney "to remedy the situation," but that Warden Goodrich refused. Docket No. 170 at 1, 2, ¶¶ 1, 5-7. Plaintiff seeks to add Warden Goodrich as a defendant in connection with his Eighth Amendment claim against defendants in this case. *Id.* at 2, ¶ 3.

Judge Hegarty recommends denying plaintiff's motion to amend because the actions Warden Goodrich is alleged to have taken on June 19, 2019 are not connected to the actions the other defendants are alleged to have taken on June 25, 2019, the request to amend was unduly delayed as it was filed three years after the case was filed, and because the amendment would be futile since it would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). Docket No. 179 at 2-3.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."). An objection is "proper" if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of

the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Federal Rule of Civil Procedure 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b). When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").  Motions to amend are generally considered non-dispositive except where, as here, the magistrate judge recommends that the motion for leave to amend be denied.  *See Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-cv-01827-REB-KLM, 2020 WL 9432879, at *1 (D. Colo. May 21, 2020); *Gordanier*, 2010 WL 935665, at *1; *Brown v. Nagem*, No. 05-cv-01408-WYD-MJW, 2006 WL 2164421, at *1 (D. Colo. July 28, 2006).  The Court thus reviews the recommendation de novo.

### III.  ANALYSIS

Much of plaintiff's objection reiterates his theory on Warden Goodrich's liability from his motion to amend without pointing out error in the recommendation or addressing the recommendation.  *See* Docket No. 181 at 1-6.  The Court will evaluate plaintiff's arguments as they apply to the recommendation.

4

Rule 15(a) provides that, "after a responsive pleading has been served, a party may amend its pleading 'only by leave of court or by written consent of the adverse party,'" and "leave shall be freely given when justice so requires." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); Fed. R. Civ. P. 15(a).  Rule 15 instructs that courts should grant amendments in the absence of undue delay, prejudice, futility, failure to cure deficiencies by amendments previously allowed, or bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  The decision to grant or deny leave to amend is within the district court's discretion.  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

### A. Connection to the Original Complaint

Judge Hegarty observed that plaintiff does not allege a link between the events of July 25, 2019 and the events of July 19, 2019 that plaintiff seeks to add.  Docket No. 179 at 2-3.  Plaintiff responds that discovery revealed a "memorandum[2] and must allow the advancement of this argument and adding defendant Goodrich."  Docket No. 181 at 2, ¶ 7.  Plaintiff argues that "[i]f Goodrich did not feel it was appropriate to allow Wilkins to make a phone call on July 19, 2019 to his attorney to resolve the matter, he should have used sound correctional judgment by utilizing the Office of the Inspector General and CDOC Legal Services to ensure a court order for a DNA test is valid."  *Id.* at 3, ¶ 9.

The Court interprets plaintiff's argument to be that he found evidence in discovery that supports a claim that Warden Goodrich had a duty to prevent the actions in the

---

[2] Plaintiff repeatedly references and cites a "memorandum" as an exhibit to his objection, but no memorandum is included with his objection.  *See* Docket No. 181 at 2, 3, 5, ¶¶ 4, 6, 7, 9, 12.

complaint on July 25, 2019 based on plaintiff's interaction with Warden Goodrich on July 19, 2019.  Even when additional facts are revealed in discovery, a motion to amend can be properly denied where plaintiff was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.  *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990-91 (10th Cir. 2019).  Plaintiff does not explain how discovery would reveal a factual predicate he was not already aware of that links his new allegations to the events of July 25, 2019, especially since plaintiff was present for the events on July 19, 2019.  *See* Docket No. 170 at 1, 2, ¶¶ 1, 5-7.  Additionally, plaintiff's argument that discovery revealed a link between his new claim and the existing claims does not explain what the affirmative link is, arguing only that he must be allowed to advance the argument.  Docket No. 181 at 2, ¶ 7.  Accordingly, plaintiff shows no error in Judge Hegarty's observation that plaintiff does not link his proposed amendment to his original complaint.

### B. Undue Delay

Judge Hegarty found that plaintiff's delay in filing his motion to amend serves as a reason for denying it.  Docket No. 179 at 3.  Plaintiff responds to Judge Hegarty's finding that plaintiff unduly delayed the filing of his motion to amend by stating that he reserved his right to add other defendants as they became known and he "was not aware of certain things [until] he got discovery."  Docket No. 181 at 3, ¶ 12.  He also states that the delay should not be attributed to him because another defendant had not been served.  *Id.* at 5.  These arguments do not specifically explain why plaintiff did not file his motion for three years and, therefore, do not address the recommendation's

finding of undue delay.  Plaintiff does not explain with any specificity what new facts were revealed in discovery and does not explain why the facts he was aware of in 2019 were insufficient to put him on notice of Warden Goodrich's connection to his claims, especially considering he was present for the events of July 19, 2019.  Moreover, plaintiff admits that his motion could have been filed sooner.  *Id.* at 3, ¶ 12.  Plaintiff fails to identify any error in the recommendation's finding that plaintiff's undue delay is a reason to deny his motion to amend.

### C. <u>Futility</u>

Finally, the recommendation observed that plaintiff's proposed amendment fails to support a discernible constitutional claim and should be denied as futile.  Docket No. 179 at 3.  A motion to amend may be denied for futility "if the complaint, as amended, would be subject to dismissal."  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  A district court is justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim.  *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

In response to the recommendation's finding that amendment would be futile, plaintiff argues that his claim against Warden Goodrich survive under a "respondeat superior" theory.  Docket No. 181 at 1, ¶ 1.  Plaintiff argues that Warden Goodrich had a duty to ensure the validity of any order defendants acted under.  *Id.* at 5, ¶ 9.  "[T]here is no concept of strict supervisor liability under [§] 1983," *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996), and § 1983 does not create a *respondeat superior* cause of action against government officials or municipalities.  *See Monell v. Dep't of Soc. Servs. of*

*N.Y.*, 436 U.S. 658, 691 (1978).  "Yet in situations where an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise, the supervisor may be personally liable."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)) (some quotation marks omitted).  However, "supervisory liability 'must be based upon active unconstitutional behavior' and 'more than a mere right to control employees.'"  *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1153 (10th Cir. 2006) (quoting *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).

Construing plaintiff's argument that he can show liability with respondeat superior as an argument that he can show supervisory liability, plaintiff still fails to link Warden Goodrich and the events of July 25, 2019 in a way that states a constitutional claim.  Plaintiff states that Warden Goodrich "failed to act to prevent harm to one entrusted in his care," and that Warden Goodrich is responsible because "he was put on notice of the pending incident."  Docket No. 181 at 4-5, ¶ 14.  Tenth Circuit caselaw is clear "failure to supervise is only actionable under § 1983 against a defendant who had a duty to supervise."  *Serna*, 455 F.3d at 1154.  Plaintiff claiming Warden Goodrich was aware the incident would happen and did not act is not consistent with a failure to supervise claim.  Plaintiff does not argue that Warden Goodrich took any other actions and does not explain why any of his actions authorized or approved the constitutional violations plaintiff alleges.  Plaintiff has not shown how Warden Goodrich is liable under any claim.  Finding no error, the Court agrees with the recommendation's conclusion that plaintiff's

motion to amend can be properly denied as futile. See Docket No. 179 at 3. Plaintiff has not identified any error in the recommendation.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Objection to the Magistrate's Report and Recommendation [Docket No. 181] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 179] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion to Add Defendant Barry Goodrich [Docket No. 170] is **DENIED**.

DATED September 21, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge